# EXHIBIT B

☜ EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**20-A-2128**

JUL 03, 2020 04:45 PM

*Angie J. Davis*

Angie T. Davis, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CASSANDRA COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action File No.: |
| | ) | |
| PUBLIX SUPER MARKETS, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW Plaintiff Cassandra Cook and files this Complaint showing this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Cassandra Cook is a Georgia citizen residing at 404 Calibre Lake Pkwy SE, Smyrna, Georgia 30082.

2.

Defendant Publix Super Markets, Inc is a corporation duly registered to conduct business in the State of Georgia and may be served through its registered agent, Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066. Jurisdiction and venue are proper in this Court.

3.

Defendant Publix Super Markets, Inc. has been properly served with sufficient process in this action.

4.

This cause of action originated in Cobb County, where Plaintiff was an invitee at Publix Super Markets, Inc., located at 1025 Veterans Memorial Hwy, SE Ste. 400, Mableton, Georgia 30126.

5.

Defendant Publix Super Markets, Inc. occupied, maintained, owned, managed, and/or operated the Publix Super Market premises, located at 1025 Veterans Memorial Hwy, SE Ste. 400, Mableton, Georgia 30126.

## STATEMENT OF FACTS AND ALLEGATIONS OF FAULT

6.

Plaintiffs restate and re-allege paragraphs 1 through 5 as though fully set forth herein.

7.

On November 12, 2018, Plaintiff Cassandra Cook was an invitee of Defendant and went to Defendant's supermarket located at 1025 Veterans Memorial Hwy, SE Ste. 400, Mableton, Georgia 30126.

8.

Cassandra Cook went there to shop for groceries.

9.

Plaintiff Cassandra Cook was walking through the store looking for grocery items when she slipped and fell on a foreign substance on the store's floor. Plaintiff Cassandra Cook did not see the foreign substance on the floor prior to falling. As a result of the fall, Plaintiff Cassandra Cook suffered severe and permanent injuries.

10.

As a result of said injury, Plaintiff Cassandra Cook has incurred reasonable and necessary medical and doctor expenses, and will incur expenses in the future, in an amount to be proven at trial. She has had physical therapy as a result of the fall and her injuries.

11.

The injuries suffered by Plaintiff Cassandra Cook as described herein are continuing and permanent in nature.

12.

The injuries sustained by Plaintiff Cassandra Cook are the direct and proximate result of negligence on the part of Defendant. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

13.

At all times mentioned herein, Defendant had exclusive control and management of said property, and Defendant had the legal duty to keep their premises and approaches free of hazards consistent with due regard of the safety of their invitees, including Plaintiff Cassandra Cook.

14.

Defendant Publix Super Markets, Inc. was negligent in creating or in failing to identify and/or remove the hazardous condition existing on their premises and approaches, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff Cassandra Cook.

15.

Defendant knew of, or by the exercise of due care for the safety of their invitees, including Plaintiff Cassandra Cook, should have known of the hazardous condition existing on their premises and that the failure to correct, mark, clean and/or remove said condition was likely to result in the injuries such as those suffered by Plaintiff Cassandra Cook. Defendant had actual knowledge of the defective and hazardous condition existing on their premises through the direct knowledge of their employees and agents.

16.

Defendant had actual knowledge of the defective and hazardous condition existing on their premises through the direct knowledge of their employees and agents.

17.

Defendant had actual and/or constructive knowledge of the hazardous condition on their premises because they were aware of the propensity for foreign substances to accumulate on the floors of a hospital. Despite such knowledge, Defendant failed to inspect and remove said hazardous condition from their premises.

18.

Defendant was negligent and said negligence proximately caused Plaintiff injuries in the following ways:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b) In failing to properly inspect and maintain the premises;

c) In knowingly allowing their invited guests to utilize an unsafe area of the premises;

d) In failing to post warning signs or markings;

4

e) In failing to properly train and supervise their employees in regard to the care of said premises; and

f) In negligently retaining, entrusting, hiring, training and supervising said employees and/or contractors.

19.

Although Defendant knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to their invitees from said hazardous conditions existing on their premises, Defendant negligently failed to take reasonable precautions to guard against the dangerous condition and failed to protect their invitees, including Plaintiff Cassandra Cook.

20.

Defendant negligently maintained said premises and at all times herein mentioned, failed and neglected to correct, mark, remove or repair the premises or to guard injuries to their invitees, including Plaintiff Cassandra Cook, although said condition had existed for such a length of time that Defendant, their agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

21.

Plaintiff Cassandra Cook exercised reasonable care and diligence under the circumstances then existing.

22.

Plaintiff Cassandra Cook is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law.

Plaintiff Cassandra Cook seeks all compensatory, special, economic, consequential, general and all other damages under Georgia law, including but not limited to:

a)  Personal injuries;

b)  Past, present and future pain and suffering;

c)  Disability;

d)  Mental anguish;

e)  Loss of the capacity for the enjoyment of life;

f)  Incidental expenses;

g)  Past and future medical expenses;

h)  Permanent injuries; and

i)  Consequential damages to be proven at trial.

23.

That each of the foregoing acts and omissions constitute an independent act of negligence on the part of the Defendant and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by Plaintiff. Defendant is liable for Plaintiff's injuries and damages sustained.

24.

Plaintiff is entitled to request attorney's fees and the expenses of litigation in that the actions on the part of the Defendant as herein above described show that the Defendant has acted in bad faith in the transactions and dealings surrounding the subject incident and Defendant and its agents have been stubbornly litigious and have caused Plaintiffs unnecessary expense so as to entitle Plaintiffs to the expenses of litigation and attorney's fees pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE,** Plaintiff prays for the following:

a)  The summons and legal process be issued requiring Defendant to appear and answer the Complaint;

b)  That service be had on Defendant as required by law;

c)  Trial by jury;

d)  That Plaintiff be awarded actual damages in the amounts to be shown at trial;

e)  That Plaintiff be awarded her attorney fees and expenses of litigation; and

f)  Plaintiff has such other relief as this court deems proper.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted this 3rd day of July, 2020.

Respectfully submitted,

**THE SOLOMON FIRM, LLC**

*/S/ Tricia Solomon*
Tricia Solomon
Georgia Bar No. 510371
Attorney for Plaintiff

**THE SOLOMON FIRM, LLC**
2964 Peachtree Road, Suite 610
Atlanta, Georgia  30305
(404) 565-0641
(404) 565-0643 FAX

7